**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SOUTHWEST STAINLESS, L.P., | ) | |
| and HD SUPPLY, INC., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-0334-CVE-PJC |
| | ) | |
| JOHN R. SAPPINGTON, WILLIAM B. | ) | |
| EMMER, ROLLED ALLOYS, INC., | ) | |
| and RONALD L. SIEGENTHALER, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff Southwest Stainless, L.P.'s Motion to Substitute Amended

Complaint with Second Amended Complaint (Dkt. # 61), filed after Plaintiff Southwest Stainless,

L.P.'s Motion for Leave to Amend Complaint and Supporting Memorandum of Law (Dkt. # 51).

Plaintiff Southwest Stainless, L.P. ("Southwest") filed the instant civil action on June 14, 2007.  In

its proposed second amended complaint, plaintiff seeks to add: (i) Ronald L. Siegenthaler as a

defendant, (ii) a breach of contract claim based an acquisition agreement, (iii) HD Supply, Inc. as

a plaintiff, and (iv) a misappropriation of trade secrets claim.  Dkt. # 61, at 1-2; Dkt. # 61-2, at 1,

11, 15.  Plaintiff also seeks to add a jury demand in a "separate paragraph."  Dkt. # 61, at 2.  The

Court will address plaintiff's attempted jury demand in a separate order.

Defendants John R. Sappington, William B. Emmer, and Rolled Alloys, Inc. (collectively

"defendants") oppose each of Southwest's proffered amendments. See Dkt. # 62. Defendants argue

that Southwest's proposed breach of contract claim and proposed joinder of HD Supply, Inc. are

untimely.  Dkt. # 62, at 1-2.  Defendants further argue that Southwest's first, second, and fourth

proposed claims are futile, and that Southwest's motion for leave to amend was made in bad faith. Id. at 3, 17.

Fed. R. Civ. P. 15(a) provides that "leave shall be freely given when justice so requires." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted); Duncan v. Manager, Dep't. of Safety, 397 F.3d 1300, 1315 (10th Cir. 2005); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). The purpose of Rule 15(a) is to "provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" Minter, 451 F.3d at 1204 (quoting Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182.

The Court finds that plaintiff's motion to amend is not unduly delayed. Formal discovery did not begin in this case until August 20, 2007. The Court set a deadline of September 28, 2007 for the filing of motions for joinder of additional parties and amendment to the pleadings. Plaintiff timely filed both its first and second motions to amend prior to this deadline.

Further, while the Court has reviewed defendants' arguments on the merits of plaintiff's proposed amendments, the Court reserves ruling on these issues until a later time. "A motion to amend is within the trial court's discretion, Walker v. Elbert, 75 F.3d 592, 599 (10th Cir. 1996), and

should not be transformed by defendants into a "mini-trial or summary judgment proceeding, without the safeguards normally present for maturation and merits-based resolution of claims." ClearOne Commc'n, Inc. v. Chiang, No. 2:07cv00037TC, 2007 WL 2572380, at *1 (D. Utah Sept. 5, 2007).  In light of the liberal rules of pleading, the Court concludes that plaintiff's motion should be granted.  Defendants may raise any arguments regarding the substance of plaintiff's claims in responsive pleadings.

**IT IS THEREFORE ORDERED** that Plaintiff Southwest Stainless, L.P.'s Motion to Substitute Amended Complaint with Second Amended Complaint (Dkt. # 61) is **granted**.  Plaintiff may file its amended complaint no later than **November 19, 2007**.  The Court will rule on plaintiff's attempted jury demand before that date.

**IT IS FURTHER ORDERED** that plaintiff Southwest Stainless, L.P.'s previous motion to amend complaint (Dkt. # 51) is **moot**.

**DATED** this 9th day of November, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT