UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOUTHWEST STAINLESS, L.P., ) <br> and HD SUPPLY, INC., ) <br> ) <br>       **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> JOHN R. SAPPINGTON, WILLIAM B. ) <br> EMMER, ROLLED ALLOYS, INC., ) <br> and RONALD L. SIEGENTHALER, ) <br> ) <br>       **Defendants.** ) | Case No. 07-CV-0334-CVE-PJC |

## OPINION AND ORDER

In a previous Order and Order (Dkt. # 67), the Court granted plaintiff's motion to amend its complaint. The Court reserved, however, the issue of whether to allow plaintiff to add a jury demand "in a separate paragraph" of the amended complaint. Dkt. # 61, at 2. The Court will now address that issue.

### I.

Southwest filed the instant civil action on June 14, 2007. On the civil cover sheet, Southwest checked the "yes" box in the "jury demand" section. Dkt. # 1. Southwest made only one jury reference, however, in its original complaint:

> As a direct and proximate cause of the acts of [d]efendants as plead herein, [p]laintiff is entitled to injunctive relief restraining further unlawful conduct and to recover reasonable damages, which include at least the following: a) economic and non-economic damages; b) loss of business; c) punitive damages, due to [d]efendants' malicious conduct; d) reasonable attorneys' fees, expert fees and costs; e) other relief as deemed appropriate by the Court and/or a jury.

Dkt. # 2, at 12-13. Notwithstanding Southwest's failure to make an explicit jury demand, Southwest electronically submitted its complaint and selected the filing description as "with jury demand." The following day, the Court Clerk found this error and corrected the Docket Report. See Dkt. # 2. The Court Clerk deleted the text regarding "with jury demand" and notified the parties of the correction. See id.; Notice of Docket Entry Modification.

On July 19, 2007, defendants John R. Sappington, William B. Emmer, and Rolled Alloys, Inc. (collectively "defendants") electronically filed their answer. The answer did not include a jury demand, see Dkt. # 21; nevertheless, defendants selected the filing description as "with jury demand." While the Court Clerk did not correct this error in the Docket Report until November 9, 2007, see id., the joint status report and the Court's scheduling order evidenced the absence of a jury demand. The joint status report stated that Southwest would "make a jury demand in its [a]mended complaint, to follow." Dkt. # 44, at 1. Similarly, in reliance thereon and after review of the record, the Court set the case for non-jury trial. Dkt. # 45. It is against this background that the Court must decide: (a) whether the original complaint, in fact, aptly made a jury demand; and, if not, (b) whether Southwest may make a timely jury demand in its amended complaint.

## II.

"Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue . . . ." Fed. R. Civ. P. 38(b). The party may specify in the jury demand those issues "which the party wishes so tried; otherwise the party shall be deemed to have demanded trial by jury for all the issues so

triable." Fed. R. Civ. P. 38(c). If the party fails to serve and file a demand as required by Rule 38(b), however, the party waives trial by jury on all issues. Fed. R. Civ. P. 38(d).

The parties dispute whether the original complaint demanded a jury trial on all issues. Defendants claim that Southwest waived its right to a jury trial by failing to make a demand in the original complaint. See Dkt. # 62, at 25. According to defendants, plaintiff's "lone reference to a jury" in its prayer for relief[1] does not qualify as a jury demand under Rule 38(b). Id. at 25, 27. Defendants aver that, "[a]t best for Southwest," plaintiff made a jury demand only as to "other" legal relief — excluding economic and non-economic damages, loss of business, punitive damages, and attorneys' fees and costs — and that plaintiff waived its right to a jury on all other issues. Id. at 27. Plaintiff responds that it made a jury demand in the final paragraph of the complaint, which "modifie[d] the entirety" of the complaint and thus requested a jury trial on all issues. Dkt. # 63, at 11.

To date, the Tenth Circuit has not decided whether a lone reference to "the Court and/or jury" in the original complaint qualifies as a jury demand.[2] Consequently, the parties cite a related Ninth Circuit decision in support of their arguments. In Lutz v. Glendale Union High School, 403 F.3d 1061, 1064-65 (9th Cir. 2005), the court held that a request "for such back pay and value of lost employment benefits as may be found by a jury" equated to an issue-specific jury demand. The Ninth Circuit found that a jury demand covers all issues only if it does not specify particular issues.

---

[1]   In fact, the reference to a jury was in the alternative ("the Court and/or a jury.").

[2]   While the Tenth Circuit has found that a failure to specify particular issues for jury determination has "the effect of demanding trial by jury of all issues so triable," United States v. Anderson, 584 F.2d 369, 371 (10th Cir. 1978), the Circuit — as well as nearly every other circuit — has never decided whether a generalized, isolated reference to a jury in the prayer for relief constitutes a general jury demand.

3

Id. at 1065. Thus, the jury in Lutz could decide only the specific issue of whether the plaintiff was entitled to back pay and certain compensatory damages — and not the issue of liability. Id. On the other hand, the Second Circuit in Gargiulo v. Delsole, 769 F.2d 77, 78 (2d Cir. 1985), encountered a much less ambiguous demand. On the last page of defendants' answer, just above the date and signature line, defendants had inserted the following language: "DEMAND FOR JURY TRIAL: The defendants hereby demand trial by jury of all issues in the above case."[3] Id. (emphasis in original). The Second Circuit concluded that the demand complied with Rule 38(b), notwithstanding its irregular placement within the answer. Id. at 78-79.

Here, the Court finds that plaintiff's covert mention of a jury does not qualify as a general or specific jury demand. Even if the Court were to apply the more lenient Lutz standard, plaintiff would be entitled to a jury determination on no more than "other" legal relief, which expressly excludes economic and non-economic damages, loss of business, punitive damages, and attorneys' fees and costs. Essentially, the jury would have no issue to decide. Plaintiff's attempt also fails under Gargiulo. Not only did plaintiff obscurely embed its solitary jury reference within the original complaint, but also plaintiff completely failed to use even the word "demand" or "request."

The Court further notes the illogical nature of plaintiff's argument. Plaintiff seeks to add a jury demand to the amended complaint; yet plaintiff argues in its response that it made a jury demand in the original complaint. Only a very confused plaintiff would seek to add a jury demand to a complaint which already made such a request. Moreover, plaintiff's argument ignores the joint

---

[3] The Court notes that the Tenth Circuit in Anderson did encounter a similar jury demand which read: "Comes now [d]efendant and pursuant to the United States Constitution DEMANDS A TRIAL BY JURY in the above titled action." 584 F.2d at 371 n. 1 (emphasis in original). Anderson did not, however, actually determine the adequacy of the demand because its sufficiency was not at issue on appeal. See id. at 371.

4

status report and the scheduling order, which reinforce the absence of a jury demand. See Okla. Nat. Gas Co. v. LaRue, 156 F.3d 1244, 1998 WL 568321, at * 7 (10th Cir. Sept. 1, 1998) (noting the significance of a joint status report and scheduling order in finding that the defendant "effectively consented to a non-jury trial.").[4]  Plaintiff can not now argue that the complaint contained a jury demand after admitting in the joint status report that it would "make a jury demand in its [a]mended complaint, to follow." Dkt. # 44, at 1.  Moreover, the Court Clerk even notified plaintiff within one day of filing the original complaint of plaintiff's failure to demand a jury. See Dkt. # 2; Notice of Docket Entry Modification.  The Court finds, therefore, that plaintiff waived its right to a jury.[5]

### III.

Although not briefed by the parties, the next logical question is whether plaintiff may make a timely jury demand in its amended complaint.  Rule 38(b) requires a party to demand a trial by jury within ten days after service of the "last pleading directed to such issue."  The Tenth Circuit has held that such a pleading "will generally be an answer or a reply, if appropriate, and is determined on a claim by claim basis."  In re Kaiser Steel Corp., 911 F.2d 380, 388-89 (10th Cir. 1990). "Amended and supplemental pleadings do not revive a right, previously waived, to demand a jury trial on the issues already framed by the original pleadings."  Id. (internal quotation marks and citation omitted); see Westchester Day Sch. v. Vill. of Mamaroneck, ___ F.3d ___, 2007 WL

---

[4]  Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

[5]  Although the parties do not raise this issue, the Court notes that checking the "yes" box in the "jury demand" section of the civil cover sheet, which is not served with the complaint, does not qualify as a jury demand. See Wall v. Nat'l R.R. Passenger Corp., 718 F.2d 906, 909-10 (9th Cir. 1983); Houston N. Hosp. Props. v. Telco Leasing, Inc., 688 F.2d 408, 410 (5th Cir. 1982); Cochran v. Birkel, 651 F.2d 1219, 1221 n.4 (6th Cir. 1981); Omawale v. WBZ, 610 F.2d 20, 22 (1st Cir. 1979).

3011061, at * 13-14 (2d Cir. Oct. 17, 2007) ("A litigant who has waived a jury may nonetheless demand one with respect to new issues raised by later pleadings, unless the new issues are simply 'artful rephrasings' of existing issues."); Cal. Scents v. Surco Prods., Inc., 406 F.3d 1102, 1106-07 (9th Cir. 2005) (finding that if the issues in the original and amended complaints turn on "the same matrix of facts," the amended complaint will not revive a plaintiff's right to demand a jury); Shelton v. Consumer Prod. Safety Comm'n, 277 F.3d 998, 1011 (8th Cir. 2002) ("Because the second amended complaint contained no new triable issues that pertained to [the movants], the right to a jury trial under Rule 38 was not revived."); Commc'ns Maint., Inc. v. Motorola, Inc., 761 F.2d 1202, 1208 (7th Cir. 1985) (holding that the proper inquiry is "when did the pleadings cease raising new factual issues, and begin simply alleging new legal theories or particularized facts."); Rosen v. Dick, 639 F.2d 82, 94 (2d Cir. 1980) ("[T]he term 'issue' means something more than the evidence offered and the legal theories pursued . . . . [The court must ask whether] the ultimate issue for decision is different.").

Here, plaintiff seeks to assert "[n]ew facts that merely clarify the same general issues raised in the original complaint." LaMarca v. R.V. Turner, 995 F.2d 1526, 1545 (11th Cir. 1993). In its motion to amend, plaintiff seeks to add: (i) Ronald L. Siegenthaler ("Siegenthaler") as a defendant, (ii) a breach of contract claim based on an acquisition agreement, (iii) HD Supply, Inc. ("HD Supply") as a plaintiff, and (iv) a misappropriation of trade secrets claim. Dkt. # 61, at 1-2; Dkt. # 61-2, at 1, 11, 15. Yet plaintiff offers nothing more than additional evidence and legal theories. Plaintiff seeks to join Siegenthaler on the same basic contract and tort theories. Plaintiff seeks to add a breach of contract claim based upon an acquisition agreement that plaintiff explicitly discussed in the original complaint. See Dkt. # 2, at 5-6. Plaintiff seeks to add HD Supply as a plaintiff "in

an abundance of caution and to resolve any question as to whether [p]laintiff Southwest Stainless LP has standing to enforce the [a]greements at issue." Dkt. # 61, at 1. The addition of HD Supply is again based upon the same acquisition agreement discussed in the original complaint. Plaintiff knew that HD Supply was the successor-in-interest to plaintiff's parent corporation, but plaintiff still failed to join this entity in the original complaint. Thus, plaintiff cannot revive its right to demand a jury through its subsequent amended complaint, which joins HD Supply merely to ensure that at least one entity has standing.[6] Finally, plaintiff seeks to add a misappropriation of trade secrets claim, premised upon facts alleged in the original complaint. Compare Dkt. # 61-2, at 15, with Dkt. # 2, at 6-7. In sum, all of plaintiff's proffered amendments arise from the same set of circumstances pled in the original complaint and do nothing but clarify and refine the original allegations. Plaintiff does not assert any new Rule 38(b) issues. In light of these circumstances, the Court concludes that plaintiff should not be rewarded with a revived right to demand a jury.[7]

**IT IS THEREFORE ORDERED** that plaintiff's request (contained in Dkt. # 61) to add a jury demand "in a separate paragraph" of the amended complaint is **denied**.

**DATED** this 14th day of November, 2007.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[6] The Court notes that defendant Siegenthaler might have a right under Rule 38(b), however, to demand a jury trial within ten days of service of the amended complaint. See Shelton, 277 F.3d at 1011 (finding that a joined defendant has a right to demand a jury).

[7] Furthermore, to the extent plaintiff contemplates filing a Rule 39(b) motion, plaintiff must offer a credible, substance-based explanation for its failure to demand a jury. The Tenth Circuit has held that "inadvertence in not making a timely jury demand by the moving party is a proper reason to deny a Rule 39(b) motion." LaRue, 1998 WL 568321, at *7.