### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOUTHWEST STAINLESS, LP, a Delaware limited partnership, and HD SUPPLY, INC., a Delaware Corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>JOHN R. SAPPINGTON, WILLIAM B. EMMER, RONALD L. SIEGENTHALER, and ROLLED ALLOYS, INC., a Michigan corporation,<br><br>    Defendants. | Case No. 07-CV-344-CVE-FHM |

### ORDER

Plaintiff's Motion to Compel Deposition of Ronald Siegenthaler [Dkt. 77] is before the undersigned United States Magistrate Judge for decision. The motion is DENIED.

Plaintiffs deposed Ronald Siegenthaler on September 11, 2007, before he was added as a defendant. Plaintiffs state that based on information obtained in Mr. Siegenthaler's deposition, they "uncovered additional testimony and evidence affirming Siegenthaler's tortious activities . . . sufficient to support Plaintiff's addition of Siegenthaler as a Defendant in this matter." [Dkt. 77, p. 2]. Plaintiffs seek to take a second deposition of Siegenthaler regarding the additional evidence they have discovered and the facts supporting his addition as a defendant in the case.

Defendants oppose the second deposition. They state that as early as July 27, 2007, long before Siegenthaler's September 11, 2007, deposition, Plaintiffs advised Defendants of their intention to add Siegenthaler as a defendant, which indicates Plaintiffs possessed relevant information concerning Siegenthaler even before they deposed him.

Defendants also point to statements in the briefs supporting Plaintiffs' Motion to Amend which indicate that Siegenthaler's deposition testimony supported the claims against him. [Dkt. 78, pp. 2-3]. Defendants argue that Plaintiffs have not demonstrated that a second deposition would not be unreasonably cumulative and duplicative.

Pursuant to Fed.R.Civ.P. 30(d)(1),[1] a deposition is generally limited to one day of seven hours. However,"[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.* Fed.R.Civ.P. 26(b)(2)(C) provides that the court must limit the frequency or extent of discovery if it determines that the discovery sought is unreasonably cumulative, or duplicative, or if the party seeking the discovery has had ample opportunity to obtain the discovery in the action.

Plaintiffs have not alleged that they were in any way impeded in their examination of Siegenthaler. They have stated that they wish to depose him "as a party" but have not indicated how that discovery would differ from Siegenthaler's status as a fact witness at the time they deposed him. Plaintiffs did not file a reply brief, so none of Defendants' statements about the completeness of Siegenthaler's testimony have been disputed.

The Court finds that Plaintiffs had an ample opportunity to obtain discovery of Siegenthaler's testimony. They have not shown that aside from the bare fact they desire a second deposition, that the benefit of such a deposition would outweigh the inconvenience and burden it would entail. Plaintiff's Motion to Compel Deposition of Ronald Siegenthaler [Dkt. 77] is DENIED.

---

[1] Citations to the Federal Rules of Civil Procedure are to the amendments which went into effect on December 1, 2007.

SO ORDERED this 16th day of January, 2008.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE