## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SOUTHWEST STAINLESS, L.P., | ) | |
| and HD SUPPLY, INC., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-0334-CVE-FHM |
| | ) | |
| JOHN R. SAPPINGTON, WILLIAM B. | ) | |
| EMMER, ROLLED ALLOYS, INC., | ) | |
| and RONALD L. SIEGENTHALER, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court are Plaintiffs' Objections to Magistrate Judge's April 2, 2008 Order and Motion for Bifurcation or Continuance of Trial, Enlargement of Time for Discovery, Including Expert Discovery, and Memorandum of Law in Support Thereof (Dkt. # 139 and Dkt. # 141). Magistrate Judge Frank H. McCarthy entered an Order (Dkt. # 137) on April 2, 2008 sustaining defendants' objection to plaintiffs' expert witness, Dr. Seaman. Plaintiffs now appeal that Order. They ask this Court to compel defendants "to provide the discovery to which they [] previously agreed." Dkt. # 139, at 5. Plaintiffs also move to bifurcate the issue of damages from the remainder of the trial, so that trial may proceed on April 28, 2008 as scheduled, reserving damages for later determination after appropriate discovery. Id. In conjunction with this bifurcation request, plaintiffs move pursuant to Fed. R. Civ. P. 6(b)(2) for "an enlargement of time to complete discovery on damages and to serve an expert report." Id. For the reasons set forth below, this Court finds that plaintiffs' motions should be **denied**.

## I.

This appeal arises from the parties' mutual disregard of discovery obligations. The instant civil action has been pending since June 14, 2007. See Dkt. # 2. Under the original scheduling order, the parties were to identify expert witnesses and exchange Fed. R. Civ. P. 26(a)(2) expert reports by November 30, 2007. See Dkt. # 45. Discovery was to be completed by December 31, 2007. See id. Per the parties' requests, the Court subsequently extended these deadlines. See Dkt. # 74; Dkt. # 76. The discovery cutoff was reset for January 18, 2008. Plaintiffs were to make expert disclosures by December 31, 2007, and defendants were to make expert disclosures by January 14, 2008. The Court reset the bench trial to April 28, 2008. See Dkt. # 89.

At the final pretrial conference on March 27, 2008, defendants objected to plaintiffs' expert witness, Dr. Seaman, on the ground that plaintiffs had failed to provide a written expert report as required by Rule 26(a)(2).[1] See Dkt. # 130, Transcript of Pretrial Conference Hearing, at 23. Plaintiffs responded that Dr. Seaman did not prepare an expert report because he needed additional documents which defendants had not produced. See id. at 16-17. Plaintiffs claimed that defendants' failure to produce these documents violated the parties' January 23, 2008 oral agreement concerning outstanding document discovery. See id. at 17-19. Defendants admitted that the parties reached an oral agreement on January 23, 2008. See id. at 18. Defendants did not, however, agree to plaintiffs' version of the agreement's terms. Pursuant to N.D. Okla. LCvR 37.1, the Court referred defendants' objection to the magistrate judge for resolution.

The magistrate judge sustained defendants' objection. Dkt. # 137, at 1. Plaintiffs failed to file a motion to compel production of the documents. Id. at 2. To the extent plaintiffs'

---

[1]      Defendants also objected to Dr. Seaman in the joint pretrial order (Dkt. # 127).

"representations" could be construed as an oral motion to compel, the magistrate judge denied the motion as untimely.  Id.  The magistrate judge reasoned that any motion to compel should have preceded the discovery deadline, as compelling further production of documents "would likely impact the parties' ability to be prepared for the upcoming trial scheduled to begin April 28, 2008." Id. at 3.

The magistrate judge further determined that equitable principles did not require defendants to produce the documents.  Defendants had not "lulled" plaintiffs into missing the expert report deadline.  Id.  Regardless of the oral agreement's terms, the agreement arose after discovery had closed and did not pertain to the subject of Dr. Seaman's testimony.  Id.  The magistrate judge rejected plaintiffs' argument that "sending correspondence, threatening to file a motion to compel, and discussing document production with Defendants somehow preserved Plaintiffs' ability to file an expert report or otherwise tolled any deadlines in the case."  Id. at 4.  In sum, the magistrate judge sustained defendants' objection because: (i) plaintiffs failed to adhere to the scheduling order deadlines; (ii) plaintiffs did not provide an expert report as required by Rule 26(a)(2); (iii) plaintiffs did not move, as they had before, to extend the deadline for producing Rule 26(a)(2) expert reports; (iv) plaintiffs did not file a motion to compel production of outstanding documents; (v) defendants did not agree to the late filing of an expert report; (vi) "equitable reasons" did not support admission of Dr. Seaman's testimony at trial; and (vii) the production of an expert report less than four weeks before trial would likely delay the scheduled trial date.  Id.

## II.

Federal magistrate judges may hear and determine any pretrial matter that is not dispositive of the case and must enter a "written order setting forth the disposition of the matter."  28 U.S.C.

3

§ 636(b)(1); <u>Phillips v. Beierwaltes</u>, 466 F.3d 1217, 1222 (10th Cir. 2006).  Fed. R. Civ. P. 72(a) provides that an order of the magistrate judge on a pretrial matter that is not dispositive shall be set aside or modified only if the order is found to be clearly erroneous or contrary to the law.  <u>See</u> <u>also</u> 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").  Thus, this Court must determine whether the magistrate's order is clearly erroneous or contrary to law.

### III.

Plaintiffs argue that the magistrate judge's order should be set aside or modified because it is clearly erroneous or contrary to law.  Plaintiffs offer several justifications.  First, plaintiffs contend that the magistrate judge incorrectly determined that, to the extent plaintiffs' representations at the hearings could be construed as an oral motion to compel, the motion was untimely.  Dkt. # 139, at 18.  Second, plaintiffs contend that Fed. R. Civ. P. 37(c) permits Dr. Seaman to testify at trial because plaintiffs' violation of Rule 26(a) is justified or harmless.  <u>Id.</u> at 20.  Third, plaintiffs contend that the balance of equities weigh heavily in favor of requiring defendants to produce the outstanding documents "as they agreed to do in their initial disclosures, in their discovery responses, and in the agreement reached after conferral . . . ."  <u>Id.</u> at 17, 21-22.  Fourth, plaintiffs contend that they will be "severely prejudiced" if Dr. Seaman cannot testify at trial.  <u>Id.</u> at 17.  The Court addresses each of these arguments in turn.

### A.

The Court finds that the magistrate judge's order is not clearly erroneous or contrary to law.  Neither general principles of equity nor binding case law requires this Court to reopen discovery more than two months after the (already extended) discovery cutoff and less than two weeks before

4

trial.  As to plaintiffs' implied oral motion to compel, plaintiffs are correct that "[t]here is no deadline for moving to compel in either the Federal Rules of Civil Procedure or the Local Rules." Dkt. # 139, at 18.  Nevertheless, the Tenth Circuit has held that a district court has discretion to deny a motion to compel discovery filed "well after the close of discovery and only two days before the pre-trial conference."  Norton v. The City of Marietta, 432 F.3d 1145, 1156 (10th Cir. 2005).

Other decisions have reached similar conclusions.  In Continental Industries, Inc. v. Integrated Logistics Solutions LLC, 211 F.R.D. 442, 444 (N.D. Okla. 2002), the magistrate judge denied the plaintiff's motion to compel as untimely.  The plaintiff, which filed its complaint two years prior, waited until three weeks before the scheduled trial and nearly six months after the discovery cutoff to move to compel production of certain outstanding documents.  Id.  The magistrate judge held that "courts have made it clear that a party seeking to compel discovery must do so in a timely fashion. . . . Failure to pursue a discovery remedy in timely fashion may constitute a waiver of discovery violations."  Id.  In sum, a movant who is aware of a discovery dispute before the close of discovery should not wait until the eve of trial to file a motion to compel.  Id.  Similarly, in Nortel Networks Ltd. v. SMC Electronics, LLC, No. CIV-06-787-C, 2007 WL 1959281, at *2 (W.D. Okla. June 29, 2007), the court denied the defendants' motion to compel as untimely.  The defendants filed the motion ten days after the discovery cutoff, two months before the scheduled trial, and more than six weeks after the parties last conferred about the issue.  Id. at *1-2.  The court disapproved of the defendants' attempted "stall tactics."  Id. at *2.  Because the defendants "failed to take any remedial action while the discovery period was ongoing," and because they did not explain their delay, the court concluded that the defendants motion was untimely.  Id.

Here, plaintiffs did not assert their implied oral motion to compel two days before the pretrial conference as in <u>Norton</u>, 432 F.3d at 1156, but they voiced it at the pretrial conference itself, approximately four weeks before trial.  This lawsuit has been pending since June 14, 2007.  Plaintiffs admit that discovery began the following month.  <u>See</u> Dkt. # 139, at 8.  According to defendants, plaintiffs threatened to file a motion to compel as early as November 2007 yet took no "initiative . . . to move for an order compelling [production]." <u>Nortel Networks</u>, 2007 WL 1959281, at *1.  Plaintiffs instead opted to file only a motion to compel the deposition of Ronald Siegenthaler on December 14, 2007.  <u>See</u> Dkt. # 77.  The Court concludes that because plaintiffs failed to inform the Court about their discovery dispute until the eve of trial – and voiced this concern only in response to defendants' objection – the magistrate judge did not err in finding any purported oral motion untimely.

## B.

Plaintiffs argue that the testimony of Dr. Seaman is admissible at trial, notwithstanding the absence of a Rule 26(a)(2) expert report, because the omission is justified or harmless under Rule 37(c)(1).  Dkt. # 139, at 20.  Rule 37(c)(1) states that a party who fails to provide information as required by Rule 26(a) "is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or harmless."

The Tenth Circuit has held that district courts have broad discretion in determining whether a Rule 26(a) violation is justified or harmless.  <u>Jacobsen v. Deseret Book Co.</u>, 287 F.3d 936, 953 (10th Cir. 2002).  The courts are to consider four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or

6

willfulness." Id.  Generally, the courts should "not excuse non-compliance with Rule 26 by one party for the reason that the other party may not have fully complied with discovery requests." Id. at 954 (internal quotation marks and citations omitted).

The Court finds that plaintiffs' noncompliance with Rule 26(a) does not qualify as justified or harmless.  As to the first factor, the Circuit has held that prejudice results if an expert's testimony at trial is expected to "contain substantially more information than was presented in the expert report[]." Id. at 953.  Here, defendants obviously are prejudiced because Dr. Seaman did not prepare any expert report.  See James v. Patton, No. 06-CV-52-JHP, 2007 WL 404748, at *3 (E.D. Okla. Jan. 31, 2007) ("[T]he Court would be hard pressed to find that Plaintiff's failure to provide any kind of expert report in this case was somehow less prejudicial than the defendants' failure to provide a complete or specific expert report in Jacobsen.").  As to the second factor, the Circuit has held that prejudice cannot be cured if the prejudice results from incomplete reports.  See Jacobsen, 287 F.3d at 954 ("Prejudice results because the expert reports did not reveal what the experts will testify to at trial.  Therefore, nothing [the expert] could have done prior to filing of the expert reports would have cured the prejudice.").  Thus, because Dr. Seaman did not prepare any expert report, plaintiffs do not have the ability to cure the prejudice.  "Moreover, even if Plaintiff[s] immediately provided Defendants with a copy of [Dr. Seaman's] expert report and the Court reopened discovery . . . it is unlikely that [the parties would be ready] . . . before trial, which is set to begin on [April 28, 2008]." James, 2007 WL 404748, at *3.  As to the third factor, plaintiffs concede that introducing Dr. Seaman's testimony would disrupt the imminent trial date (absent bifurcation).  See Dkt. # 139, at 21; see also discussion infra Part IV.  As to the fourth factor, this Court will not excuse plaintiffs' noncompliance with Rule 26 simply because defendants did not fully comply with discovery

requests.  Even if plaintiffs acted in good faith in failing to produce an expert report, the Circuit has made clear that "good faith alone" is not enough to overcome the other factors.  <u>Jacobsen</u>, 287 F.3d at 954.  Plaintiffs' recourse for any unfair avoidance of discovery was to file a motion to compel. <u>See</u> <u>id.</u>  The Court concludes, therefore, that the magistrate judge's exclusion of Dr. Seaman's testimony at trial is not clearly erroneous or contrary to law.

## C.

Plaintiffs argue that the "balance of equities" weigh heavily in their favor.  Plaintiffs support their argument with discussion of <u>Platero v. Union Pacific Railroad Co.</u>, No. 06-271-MV/WPL, 2007 WL 4294905 (D.N.M. May 30, 2007).  <u>Platero</u> involved a local rule exempting treating physicians from having to disclose Rule 26 expert reports.  <u>Id.</u> at *1.  The plaintiff's attorney did not submit a Rule 26 expert report because he misconstrued this local rule.  <u>Id.</u>  The court found that, although the plaintiff's expert was a doctor, he was not a treating physician and did not fall within the exemption.  <u>Id.</u> at *2.  Nevertheless, the court permitted the untimely disclosure of the expert's report, finding that "[a] short delay [in the trial setting] to allow Plaintiff to cure his error in construing the Local Rule" was justified.  <u>Id.</u>

The Court finds that <u>Platero</u> is distinguishable from the present case.  Plaintiffs' failure to produce an expert report was not due to misconstruction of a local rule.  Plaintiffs knew the discovery deadline was approaching, knew they had outstanding discovery requests, knew they had not produced an expert report, but yet they chose not to involve the Court.  As discussed above, plaintiffs' Rule 26(a) violation does not qualify as justified or harmless under Rule 37(c).  Thus, the vague concept of "equities" does not weigh in plaintiffs' favor.  The Court concludes that the

magistrate judge's holding that "no equitable reasons" permit Dr. Seaman's testimony is not clearly erroneous or contrary to law.  Dkt. # 137, at 4.

### D.

Finally, plaintiffs contend that they will be severely prejudiced if Dr. Seaman is not allowed to testify at trial.  Regardless of whether this fact is true, the Court finds that potential prejudice to plaintiffs does not render the magistrate judge's order clearly erroneous or contrary to law.  Again, plaintiffs failed to produce Dr. Seaman's Rule 26 expert report, to file a timely motion to compel, or to move to extend the discovery deadlines.  Plaintiffs cite no authority in support of their contention that undue prejudice automatically exempts plaintiffs from the otherwise enforceable Federal Rules of Procedure.  The Court has no duty to do the parties' work, and thus, it need not consider this argument further.  The Court concludes that the magistrate judge's order will not be set aside or modified.

### IV.

As an alternative to their appeal, plaintiffs move pursuant to Fed. R. Civ. P. 6(b)(2) for a "retroactive enlargement of the document and expert discovery period and for bifurcation or continuance of the trial."  Dkt. # 139, at 18.  Plaintiffs claim that their failures to move to compel discovery or to move to extend discovery "is well within" Fed. R. Civ. P. 6(b)(2)'s standards for excusable neglect.  Id.  According to plaintiffs, this Court should reopen discovery pursuant to Rule 6(b)(2) and postpone the trial date or bifurcate the issue of damages from the remainder of the bench trial.

Rule 6(b)(2) provides that "[w]hen an act may or must be done within a specified time, the court may for good cause, extend the time . . . on motion made after the time has expired if the party

failed to act because of excusable neglect." The Tenth Circuit has held that a finding of excusable neglect requires (i) a demonstration of good faith by the party seeking an extension, and (ii) a reasonable explanation as to why the party did not comply with the court-ordered deadline. In re Four Seasons Sec. Laws Litigation, 493 F.2d 1288, 1290 (10th Cir. 1974). The Court finds that plaintiffs' failure to file a timely motion to compel or to move to extend discovery is not the result of excusable neglect.[2] Even if this Court were to find that plaintiffs acted in good faith, which it does not, plaintiffs still have failed to reasonably explain why they did not comply with the scheduling order. The parties' oral agreement after the discovery cutoff and defendants' failure to produce outstanding discovery documents do not reasonably explain why plaintiffs did not seek to extend discovery long before the eve of trial.[3] Thus, the Court declines plaintiffs' invitation to reopen discovery at this late juncture.

Nevertheless, plaintiffs argue that the Court should bifurcate "the issue of liability from determination of the amount of damages, to allow the parties to gather and present expert evidence

---

[2]     Plaintiffs cite several cases in support of their Rule 6(b)(2) argument. Plaintiffs claim that the court in Carpe v. Aquila, Inc., 224 F.R.D. 454 (W.D. Mo. 2004), relied on Rule 6(b) in granting a retroactive extension of the expert disclosure deadline. See Dkt. # 139, at 19. Carpe does not even cite Rule 6(b), however, let alone stand for the proposition that a court may use Rule 6(b)(2) to grant a retroactive extension of time upon an untimely (implied) motion to compel. Plaintiffs also discuss M2 Software, Inc. v. M2 Communications, LLC, 217 F.R.D. 499 (C.D. Cal. 2003). M2 Software is irrelevant, however, as even plaintiffs admit that the court in M2 Software did not rely on Rule 6(b) in granting the untimely motion to compel. See Dkt. # 139, at 19. The two remaining cases cited by plaintiffs are inconsequential for the same reason. Neither Allianz Insurance Co. v. Surface Specialities, Inc., No. 03-2470-CM-DJW, 2005 WL 44534 (D. Kan. Jan. 7, 2005), nor Bullen v. Thanasouras, No. 92 C 1796, 1993 WL 23767 (N.D. Ill. Feb. 2, 1993), discusses Rule 6(b)(2).

[3]     Similarly, plaintiffs' speculation as to a hypothetical course of action, in the event of a timely motion to compel, see Dkt. # 139, at 18 n.4, does not qualify as a reasonable explanation.

once liability is proven." Dkt. # 143, at 4.  Under Fed. R. Civ. P. 42(b), courts may order separate

trials for one or more separate issues or claims "for convenience, to avoid prejudice, or to expedite

and economize."  The Tenth Circuit has held that courts should not bifurcate trials, however, unless

the issues to be bifurcated are "clearly separable."  Angelo v. Armstrong World Indus., Inc., 11 F.3d

957, 964 (10th Cir. 1993).

The Court finds that plaintiffs' request for bifurcation should be denied.  Because the Court

already has determined that it will not reopen discovery, nothing can be gained from holding two

separate bench trials.  Moreover, the issue of liability cannot be separated from the issue of damages.

Damages are required elements of plaintiffs' contract and tort-based claims.[4]  See e.g., Digital

Design Group, Inc. v. Info. Builders, Inc., 24 P.3d 834, 843 (Okla. 2001) ("[T]o recover on [a]

breach of contract theory, [plaintiff]  need[s] to prove . . . damages as a direct result of the breach.");

Dill v. City of Edmond, 155 F.3d 1193, 1207-08 (10th Cir. 1998) ("[T]o recover for a state law

claim for tortious interference with business relations, Plaintiff must prove . . . that damages resulted

from the interference.").  Liability cannot be resolved without calculating damages to some degree.

Likewise, as noted by defendants, bifurcation would contradict the Joint Pretrial Order to which

plaintiffs explicitly acquiesced only a few weeks ago.  The Court concludes, therefore, that

plaintiffs' motion for bifurcation or continuance of trial should be denied.

---

[4]     Plaintiffs argue that this Court should bifurcate the issue of damages from the remainder of
the bench trial because Oulds v. Principal Mutual Life Insurance Co., 6 F.3d 1431, 1435
(10th Cir. 1993), held that "bifurcation of trials is permissible in federal court even when
such procedure is contrary to state law."  Simply because a federal district court may
separate a breach of contract claim from a bad faith claim, notwithstanding contrary state
law, see id. at 1435-36, does not mean that this Court may bifurcate issues that are not
distinctly separable, see Angelo, 11 F.3d at 964.

**IT IS THEREFORE ORDERED** that Plaintiffs' Objections to Magistrate Judge's April 2, 2008 Order and Motion for Bifurcation or Continuance of Trial, Enlargement of Time for Discovery, Including Expert Discovery, and Memorandum of Law in Support Thereof (Dkt. # 139 and Dkt. # 141) are hereby **denied**.

**DATED** this 17th day of April, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT